*In re* PRZYBYLSKI ESTATE.

LASKOWSKI *v.* LATOSKI.

1. WILLS—SIGNATURE OF WITNESSES IN PRESENCE OF TESTATRIX—
LIMITATION ON EVIDENCE.

It was not reversible error for trial judge in jury trial of a will
contest to limit proof improperly as to degree of monetary
interest proponent had in the outcome of the case as to will,
not contested on grounds of mental incompetency or
undue influence upon 83-year-old testatrix who executed the
proposed will a month before she died of cancer, where the
only claim of invalidity was confined to the question as to
whether the witnesses to the will had signed in the presence
of the testatrix.

2. APPEAL AND ERROR—WILL CONTEST—INSTRUCTIONS—EVIDENCE.

Jury verdict and ensuing judgment upholding validity of con-
tested will are not disturbed on appeal on ground that in-
structions of the court as to differences and inconsistencies
of the testimony tended to mislead the jury, where motion
for new trial did not incorporate facts relative to such matter,
point was raised for first time in briefs on appeal to Supreme
Court, and trial counsel were afforded an opportunity to add
to instructions given but each declined to do so.

Appeal from Bay; Louis (David R.), J. Submit-
ted January 8, 1958. (Docket No. 21, Calendar No.
47,394.) Decided April 15, 1958.

In the matter of the estate of Clara Przybylski,
deceased. Jennie Laskowski presented will for pro-
bate. Leona Latoski and 4 other heirs contested.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills § 930.
[2] 3 Am Jur, Appeal and Error § 246.

Verdict and judgment admitting will. Contestants appeal. Affirmed.

*Karl K. Leibrand,* for proponent.

*Arthur W. Murphy,* for contestants.

Kelly, J. Appellants, as contestants to the will, raised only 1 question in the probate and circuit courts of Bay county—*i.e.,* whether the will was duly executed. The probate court held it was not. The circuit court, by jury verdict, held that the will was duly executed. Defendants appeal and submit 2 questions:

(1) "Was it reversible error for the court to refuse to permit the contestants to show the degree of monetary interest the proponent of the will had in the outcome of the case?"

(2) "Did the instructions of the court as to differences and inconsistencies of the testimony tend to mislead the jury so as to constitute reversible error?"

When testatrix made her will (August 7, 1953) she was 83 years of age and for about 1 year previous to executing said instrument had resided with her daughter, Jennie Laskowski, proponent and appellee. Testatrix was an educated woman; she could read and write English, German, Polish and Latin, and in her younger days had been a schoolteacher and a dressmaker. At the time she made her will she was suffering with cancer, but was able to move around and take care of herself.

Testatrix died September 6, 1953, leaving 7 children surviving her. Five of the children contest the will her daughter offered for probate. From the outset, the only claim in regard to the invalidity of the will was confined to the question as to whether the witnesses to the will had signed in the presence of the

testatrix. There was no claim of mental incompetency, nor any claim of undue influence.

Question 1: *"Was it reversible error for the court to refuse to permit the contestants to show the degree of monetary interest the proponent of the will had in the outcome of the case?"*

On cross-examination proponent stated she did not know the value of her mother's property and could not say whether the property had been appraised at $11,500, or whether said amount would be a true appraisal. The will was introduced in evidence and proponent's interest therein was clearly established for the jury by her testimony, as follows:

"I don't know how much the house devised to me is rented for now. I have 6 brothers and sisters. I understand that if this instrument is not allowed as the last will of my mother, I get just 1/7 of the property. I also understand that if this instrument is allowed by a will that I will get approximately half of the property but I don't know what 1/2 of the property is worth."

The will was not opposed on the grounds of mental incompetency or undue influence, and we cannot agree with appellants that the court committed reversible error in improperly limiting proof as to the degree of monetary interest the proponent had in the outcome of the case.

Question 2: *"Did the instructions of the court as to differences and inconsistencies of the testimony tend to mislead the jury so as to constitute reversible error?"*

At the conclusion of the court's instructions, the court addressed counsel in the following manner:

*"The Court:* Anything you wish to add, Mr. Leibrand (attorney for appellee)?

"*Mr. Leibrand:* Nothing, your Honor.

"*The Court:* Mr. Legatz (attorney for contestants in trial court)?

"*Mr. Legatz:* Nothing your Honor.

"*The Court:* Very well."

Appellants in their motions for new trial did not incorporate the facts set forth in question 2. The first time this point was raised by appellants was in their brief filed with this Court. In addition to the fact that appellants belatedly raise this point, we add that we have examined the instructions of the court and conclude that said instructions did not mislead the jury. Appellants do not contend in this appeal that the jury verdict was contra to the great weight of the evidence.

Judgment affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.